# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Dr. Kathy Minnich Leh** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.** |
| | ) |
| **Northeastern School District** | ) |
| **Dr. Stacey Sidle, Individual** | |
| **Dr. BethAnn Radanovic, Individual** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Kathy Minnich Leh (hereinafter, "Dr. Leh" or "Plaintiff") moves the Court for entry of judgment in her favor against the named Defendants and in support of such Complaint avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to federal law specifically, Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act ("ADA"). Moreover, this Honorable Court has jurisdiction over Plaintiff's state law claims to the extent that she pleads them pursuant to 28 U.S.C. §1367.

2. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) (2) as the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within this judicial district.

3. Plaintiff brings this action against her former employer, Northeastern School District, (hereinafter "NESD"). NESD is a school district in York County, Pennsylvania located at 41 Harding Street Manchester, PA 17345.

4. Defendant Stacey Sidle (hereinafter "Dr. Sidle") is an adult female and upon information and belief, resides within York County in the Commonwealth of Pennsylvania. Dr. Sidle was employed by NESD as the Assistant Superintendent of the School District but became School Superintendent in December 2016. Dr. Sidle was a supervisor of the Plaintiff as she was empowered to take tangible employment actions against the Plaintiff and to effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

5. Defendant Beth Ann Radanovic (hereinafter "Dr. Radanovic") is an adult female and upon information and belief, resides within York County in the Commonwealth of Pennsylvania. Dr. Radanovic is employed by NESD as the Director of Special Education. Dr. Radanovic was a supervisor of the Plaintiff as she was empowered to take tangible employment actions against the Plaintiff and

to effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

6. Plaintiff, Dr. Kathy Leh (formerly known as Kathy Minnich) (hereinafter referred to as "Dr. Leh" or "Plaintiff") is an adult female who, at all relevant times hereto, resides in the Commonwealth of Pennsylvania, York County, and was employed by NESD.

**UNDERLYING FACTS**

7. Dr. Leh began her tenure at NESD in August 1999 as a School Social Worker. She later began seeking additional educational credentials in the hope of pursuing upward mobility including but not limited to: Pk-12 Principal, Supervisor of Pupil Personnel Service & School Psychologist in 2004, and her Ph.D., which was funded by NESD in an amount of approximately $90,000.

8. As stated above, Dr. Leh completed her Ph.D. in Educational Psychology in 2014 and was asked by the Superintendent at that time to get her Pupil Services Certification, which she did. During the certification process, she also completed one extra course to obtain her Principal Certification. Thereafter, she pursued her School Psychologist Certification which was completed in the Spring of 2020.

9.  In addition to the credentials noted above, Dr. Leh holds a Supervisory Certification, is a Nationally Certified School Psychologist, and she is a Registered Play Therapist.

10. For historical context, Dr. Leh previously filed and participated in an Equal Employment Opportunity Commission ("EEOC") investigation after she filed a discrimination charge docketed as EEOC 530-2017-01050. This charge was also dually filed with the Pennsylvania Human Relations Commission ("PHRC") docketed as 201900141 on or about March 2017.

11. The filed Charge averred discrimination, harassment, and retaliation by NESD and Dr. Sidle since Dr. Leh charged she had been experiencing ongoing and continuous harassment from the time her former spouse, who was the District Superintendent of NESD at the time, had broken into her home and assaulted she and her children, as well as her fiancé and current husband, Chris Leh.

12. Additionally, Dr. Leh had filed multiple union grievances from 2018 through to the time of her exit from NESD stating, for example, that Dr. Sidle had told her in a meeting with she and Matthew Fargen (National Education Association ("NEA") Uniserve Representative) that she (Dr. Sidle) was receiving "…pressure from above…" to hold her (Dr. Leh) accountable. Other grievances raised issues relating to harassment and a hostile work environment Plaintiff was experiencing. As noted, this pressure did not end but continued until the time she was forced to

leave NESD and take a position with another School District, leaving behind years of seniority, reputation, relationships, and retirement benefits.

13. After receiving a right to sue on her federal claims, Dr. Leh chose to allow the PHRC to continue investigating her claims rather than taking them to federal court, in the mistaken hope that her Union and NESD would be able to resolve the issues and bring about an amicable settlement of the matter. However, she avers this did not occur, and the harassment became more prevalent over time.

14. For example, Dr. Leh sought a School Psychologist position at NESD in May 2019. In violation of the Union Collective Bargaining Agreement, and she avers in retaliation for her earlier administrative filings, Dr. Leh was not even interviewed for the May 2019 position.

15. Plaintiff further avers, the candidate chosen, Z.D, name withheld for privacy reasons, was a less qualified candidate. Z.D had only recently graduated from school and his tenure with NESD lasted one (1) year and then he resigned.

16.  In an NESD Investigation and Report conducted after Dr. Leh objected to the harassment and failure to hire her, it states, in pertinent part, that during an NESD Board Meeting there were on the record and off the record discussions in executive session regarding whether a School Psychologists position should be filled internally.

17. Further, Dr. Leh avers that some NESD Board members communicated that an internal candidate should be hired over external candidates, yet Dr. Leh was not.

18. Furthermore, many of the panel members that were interviewing applicants for the School Psychologists positions would have been answerable to Dr. Leh including, upon information and belief, but not limited to: Dr. Radanovic.

19. In fact, Dr. Leh had specifically discussed harassment, and the fact that it was causing her health problems, with Dr. Radanovic and Dr. Sidle from August 2019 when Dr. Radanovic began unjustified scrutiny of Dr. Leh's work on screening protocols of students. This, after Emily Zelinka and Amy Nohe along with Katelynn Lianso notified Dr. Radanovic and Dr. Sidle about Dr. Leh's screening procedures, critically, after Dr. Leh had sought the position of School Counselor in May 2019 and had returned to the new school year at NESD.

20. This was done to further undermine her efforts to obtain upward mobility at NESD. Yet, neither NESD nor the individual defendants did anything to correct the harassment or remedy the scrutiny.

21. Furthermore, in October 2019, Dr. Leh filed a union grievance regarding the failure to hire and harassment issues. Additionally, Dr. Leh informed the Defendants that she had experienced a theft from her office and was in fear that she was again experiencing harassment and retaliation since she had filed a public grievance for, *inter alia*, the failure to hire her.

22. On March 4, 2020, after attempts to seek upward mobility within NESD and to allow her Union to grieve issues of harassment and failure to hire, Dr. Leh filed her claims in the Middle District Federal Court under her maiden name, *Kathy Minnich v NESD, et al* – Docket No. 20-cv-00378, incorporated herein by reference. These federal claim(s) are still pending in federal court.

23. Dr. Leh avers that following the filings of her prior administrative Charge and federal pleadings in March 2020, she experienced retaliation due to her opposition to ongoing harassment at NESD and its failure to hire her, and her participation in the administrative process identified above, as well as in addition to her federal claims.

24. For additional historical context, in early December 2019, NESD posted an opening for a long-term substitute school psychologist position in the High School due to the maternity leave of Dr. Leh's colleague. NESD received no applications at all from certified individuals. Although Dr. Leh did not hold certification as a school psychologist at the time, she applied for the position, with the understanding that if hired, she would need to obtain an emergency permit from the Public Department of Education ("PDE") to fill the position. Dr. Leh subsequently sought the permit, and it was issued to her from January 1, 2020, through July 31, 2020.

25. On January 7, 2020, NESD approved Dr. Leh's transfer from social worker at Spring Forge Intermediate School to long-term substitute school psychologist at the High School where Dr. Leh did an exemplary job of handling the responsibilities of School Psychologist.

26. Thereafter, Dr. Leh returned to the position of School Social Worker during the summer of 2020 and subsequently obtained her school psychologist certification from PDE in June 2020. Consequently, Dr. Leh hoped that, given her performance as the substitute school psychologist, and years of education and training, she would be in a position as an internal candidate the next time a position opened. Nonetheless, she continued experiencing a culture of hostility while working at NESD and believed she was being targeted and undermined regarding her opportunities for upward mobility.

27. Given the prior issues and harassment she experienced at NESD, and from Dr. Sidle's and Dr. Radanovic's undermining of her attempts at upward mobility and believing there to be no prospects for being hired in NESD as a permanent School Psychologist, on July 21, 2020, Dr. Leh submitted her resignation effective September 18, 2020.

28. Notwithstanding her resignation, Dr. Leh avers that Dr. Sidle and Dr. Radanovic, as well as NESD, knew of a new and permanent School Psychologist opening in NESD, on or before the summer of 2020. However, she avers that they held up

the position knowing Dr. Leh, an internal candidate, would be interested in the role and in retaliation for her prior administrative and federal filings.

29. Furthermore, Dr. Leh avers that Dr. Sidle, Dr. Radanovic and NESD held up the position and refused to post it, once they had knowledge that Dr. Leh was resigning, and not until after Dr. Leh's resignation was approved on August 3, 2020, by NESD. Thereafter, on September 3, 2020, Dr. Sidle authorized NESD to post the full-time school psychologist position.

30. Dr. Leh had already had eight job offers from other local school districts when the position of School psychologist in NESD was finally posted.

31. Consequently, realizing the NESD position would allow her to remain in tenure in NESD with her years of service and retirement, Dr. Leh reached out to Dr. Randi Payne, NESD Assistant Superintendent ("Dr. Payne") and Dr. Radanovic, regarding a potential internal hire for this position, but did not hear anything in response. Again, Dr. Leh avers, because both Dr. Sidle and Dr. Radanovic were conspiring to prevent Dr. Leh from obtaining the position.

32. Subsequently, Dr. Leh retracted her resignation so that she could apply for the NESD position feeling confident that she would be hired for the position with her credentials, 22-year career at NESD, her level of seniority, as well as her distinguished performance evaluation while serving as a School Psychologist.

33. On September 8, 2020, Dr. Leh applied for the position of School Psychologist at NESD. Through the grapevine she was notified that one outside applicant applied for this position. She interviewed in person on October 1, 2020, before a panel of interviewers.

34. After interviewing, she communicated with John Carlisle, an interview panelist and NESD Principal who told her that she was "heads and tails above the other candidate." He stated that she had the best resume on the planet." He also stated that she is very well spoken. Stating further, "no wonder why [she] has so many offers on the table." However, and revealingly, Mr. Carlisle later told Dr. Leh that the committee was not asked to give their input on the candidate for hire.

35. On October 7, 2020, Dr. Leh was informed via email that the other candidate was being recommended to the School Board for the position.

36. Thereafter, she reviewed text messages from an interview panelist, Dr. Radanovic, telling her that she "…won't get the job because she is not a yes man…" and stating that members of the panel "weren't asked to weigh in on their desired candidate."

37. It was particularly humiliating since Dr. Radanovic had written a glowing letter of recommendation in March 2020 for Dr. Leh and Dr. Leh felt Dr. Radanovic was supportive of her. Instead, she came to understand that she and Dr. Sidle, among others, were instigating dissatisfaction with her as an employee of NESD.

38. Subsequently, on October 19, 2020, Dr. Sidle made a formal recommendation to the School Board to hire the other candidate for the position as School Psychologist, erroneously representing to the Board that every person on the panel of interviewers had been asked for their recommendation and that this other candidate was unanimously (or near unanimously) chosen.

39. However, Dr. Sidle's recommendation was made during a public-school board meeting and there were two Board members who voted against it due to a potential "contractual violation."

40. Dr. Leh avers that NESD's contract agreement provides that where there is an internal candidate who is qualified for a particular position, it will hire internally versus externally. Again, NESD failed to follow both its policies as to internal hires but also its policy regarding retaliation which states in pertinent part, that the "…Board prohibits retaliation against any person for making a report of discrimination or participating in a related investigation, or hearing, or opposing practices the person reasonably believes to be discriminatory..."

41. On October 20, 2020, Dr. Leh contacted her physician to relay that she was not in a good state of mind due to the harassment and undermining of her opportunities. She was further diagnosed with Situational Anxiety related to the latest employment harassment issues and her physician recommended that she take an FMLA leave of absence from her employment, and she did so.

42. Dr. Leh remained with NESD until her resignation effective January 27, 2021, when she could no longer remain under the hostile and retaliatory working environment. Dr. Leh thereafter accepted another position in another district being forced to give up all her tenure and other benefits including but not limited to her retirement.

43. Furthermore, prior to her departure, NESD and Dr. Sidle articulated that it did not hire Dr. Leh because the other external candidate was more qualified in assessments. However, Dr. Leh avers those assessments are only a small portion of the role of the School Psychologist. Further, the other candidate only had experience in assessments with non-school aged children when the position required assessments of school aged children, which Dr. Leh had experience in.

44.  Once more, Dr. Leh had been a School Psychologist in Colorado and NESD had notice of the same. Further, there was a tremendous amount of overlap between Dr. Leh's position as School Social Worker and a School Psychologist, not to mention that Dr. Leh had familiarity with NESD students, culture, community, staff, families, and policies that cannot be underscored because of her 22 years of service to the district.

45. Dr. Sidle and Dr. Radanovic had knowledge of the legal proceedings that were ongoing, as among other things, they both stated the same in an Investigative

Report Exhibit prepared by Saxton & Stump, LLC whose firm had investigated the matter of Dr. Leh's harassment allegations.

46. Despite the Saxton & Stump, LLC investigation, Dr. Leh avers the investigation was a ruse and was conducted only to provide legal cover for NESD and Dr. Sidle as no further action was undertaken following the investigation to address the harassment, or remedy ongoing hostilities or retaliation.

47. Once more, Dr. Leh had raised concerns about bullying and harassment at NESD in a District Improvements Committee meeting on or around September 14, 2018. Dr. Sidle initiated an "investigation" to be handled by its solicitor's office with Kim R. Smith, Esquire handling the investigation. Attorney Smith later issued a written memorandum report that concluded that while it was evident that there was not a particularly collegial atmosphere at Shallow Brook Intermediate School, she stated there was no evidence of bullying or a hostile work environment.

48. However, Attorney Smith abruptly ended the meeting she held with Dr. Leh once Dr. Leh began attempting to discuss the ongoing hostilities at NESD. Further, there is only one reference to Kathy Minnich in the Kim R. Smith Investigation Record and that is when Attorney Smith stated that she was interviewed. However, noticeably, there is no discussion of her interview topics with Dr. Leh nor is there any reference to Dr. Leh's claims of harassment or bullying.

49. Furthermore, on or about May 2020, Dr. Leh contacted Dr. Sidle regarding harassment from the NESD Board, and specifically, Margie Walker, the School Board President. Nothing was done to remedy the harassment.

50. Once more, taking these issues into consideration, in conjunction with subsequent issues raised regarding the ongoing harassment, no appropriate investigation was ever conducted and Dr. Leh's notice of harassment was not remedied as provided for in NESD's anti-discrimination/harassment policies.

51. Further, neither Dr. Sidle nor Dr. Radanovic, or any other member of the Shallow Brook Intermediate School were engaged in up-to-date training with respect to policies regarding anti-harassment, bullying or anti-discrimination nor did they follow the NESD policies regarding these issues as more fully noted above.

52. Consequently, Dr. Leh filed a dual charge with the Equal Employment Opportunity Commission ("EEOC") docketed as 530-2021-02972 and the Pennsylvania Human Relations Commission ("PHRC") on April 16, 2021. Subsequently, the EEOC issued a right to sue letter dated March 9, 2022, attached herein as **Plaintiff's Exhibit A.**

53. NESD and Dr. Sidle are liable under a continuing violation theory.

54. Dr. Leh avers she was constructively discharged due to being forced out of NESD on January 27, 2021, when they pervasively harassed and refused to hire her for positions for which she was well qualified.

55. NESD is responsible/liable for the actions of its agents under a theory of *Respondeat Superior.*

## COUNT 1
## TITLE VII PARTICIPATION/OPPOSITION RETALIATION
### Plaintiff v NESD

56. Plaintiff incorporates herein the previous averments as if fully set forth.

57. Dr. Leh engaged in protected activity when she filed and participated in an Equal Employment Opportunity Commission ("EEOC") case docketed as EEOC 530-2017-01050. This charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC") docketed as 201900141 on or about March 2017. These claims were litigated from inception to the time of her court filing.

58. On March 4, 2020, Dr. Leh filed claims in the Middle District Federal Court under her maiden name, *Kathy Minnich v NESD, et al* – Docket No. 20-cv-00378, incorporated herein by reference. This federal action is still pending.

59. In 2019 and 2020, Dr. Leh applied for School Psychologists positions.

60. In 2019, she was not interviewed and another candidate with less experience was hired. In 2020, although interviewed, she was not hired despite being a more qualified candidate.

61. The failure to hire Dr. Leh prevented her from establishing herself as a School Psychologist in a school district for which she had worked for over 22 years.

62. Furthermore, Dr. Leh experienced and opposed ongoing harassment as more fully noted above, including but not limited to the failure to investigate claims of harassment, failure to interview for a position, increased scrutiny of performance and qualifications necessary to be hired for the school psychologist position, and failure to hire her all following her administrative and federal court filings demonstrating both a temporal proximity from the time of the administrative filings in 2017 and federal filings in March 2020, and litigation of the same, and the harassment and failure to hire as well establishing a pattern of animus from the time of her filings until her forced resignation in January 2021.

63. Consequently, Dr. Leh's working conditions became so manifestly intolerable that she was forced to resign. This constituted an adverse employment action.

**WHEREFORE**, Plaintiff prays that this Honorable Court order all appropriate relief pursuant to Title VII and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 2
## PHRA PARTICIPATION/OPPOSITION RETALIATION
### Plaintiff v NESD/Stacey Sidle/BethAnn Radanovic

64. Plaintiff incorporates herein the previous averments as if fully set forth.

65. Dr. Leh engaged in protected activity when she filed and participated in an Equal Employment Opportunity Commission ("EEOC") case docketed as EEOC 530-2017-01050. This charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC") docketed as 201900141 on or about March 2017. These claims were litigated from inception to the time of her court filing.

66. On March 4, 2020, Dr. Leh filed claims in the Middle District Federal Court under her maiden name, *Kathy Minnich v NESD, et al* – Docket No. 20-cv-00378, incorporated herein by reference. This federal action is still pending.

67. In 2019 and 2020, Dr. Leh applied for School Psychologists positions.

68. In 2019, she was not interviewed and another candidate with less experience was hired. In 2020, although interviewed, she was not hired despite being a more qualified candidate.

69. The failure to hire Dr. Leh prevented her from establishing herself as a School Psychologist in a school district for which she had worked for over 22 years.

70. Furthermore, Dr. Leh experienced and opposed ongoing harassment as more fully noted above, including but not limited to the failure to investigate claims of harassment, failure to interview for a position, increased scrutiny of performance and qualifications necessary to be hired for the school psychologist position, and failure to hire her all following her administrative and federal court filings demonstrating both a temporal proximity from the time of the administrative

filings in 2017 and federal filings in March 2020, and litigation of the same, and the harassment and failure to hire as well establishing a pattern of animus from the time of her filings until her forced resignation in January 2021.

71. Consequently, Dr. Leh's working conditions became so manifestly intolerable that she was forced to resign. This constituted an adverse employment action.

**WHEREFORE**, Plaintiff prays that this Honorable Court order all appropriate relief pursuant to the PHRA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation

### COUNT 3
### ADA HOSTILE WORK ENVIRONMENT
### Plaintiff v NESD

72. Plaintiff incorporates herein the previous averments as if fully set forth.

73. The Plaintiff avers that she is a qualified individual with a disability under the ADA due to her anxiety and depression and NESD's notice of the same. Additionally, the Plaintiff has been under a physician's care for her disabilities since she was diagnosed in or before 2018.

74. The Plaintiff was subjected to unwelcomed harassment after she sought disability accommodations and after notice that her anxiety and depression were being affected by ongoing harassment at work.

75. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment because it continued from 2018 through 2020 and through to the date of her forced resignation.

76. The harassment detrimentally affected her by causing an exacerbation of her health conditions as more fully noted above and preventing her from obtaining upward mobility although qualified. The harassment would have detrimentally affected a reasonable person in like circumstances.

77. NESD knew or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, per its policies instead refusing to hire her for a position for which she was highly qualified in violation of its internal policies and the law.

78. Plaintiff's supervisors, Drs. Sidle and Radanovic, were the perpetrator(s) of the harassment entitles the Plaintiff to strict liability against NESD for her claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

**COUNT 4**
**PHRA HOSTILE WORK ENVIRONMENT**
**Plaintiff v NESD/Stacy Sidle/BethAnn Radanovic**

79. Plaintiff incorporates herein the previous averments as if fully set forth.

80. The Plaintiff avers that she is a qualified individual with a disability under the ADA due to her anxiety and depression and Defendants' notice of the same. Additionally, the Plaintiff has been under a physician's care for her disabilities since she was diagnosed.

81. The Plaintiff was subjected to unwelcomed harassment after she sought disability accommodations and after notice that her anxiety and depression were being affected by ongoing harassment at work.

82. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment because it continued from 2018 through 2020 and through to the date of her forced resignation.

83. The harassment detrimentally affected her by causing an exacerbation of her health conditions as more fully noted above and preventing her from obtaining upward mobility although qualified. The harassment would have detrimentally affected a reasonable person in like circumstances.

84. Defendants knew or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, per its policies instead refusing to hire

her for a position for which she was highly qualified in violation of its internal policies and the law.

85. Plaintiff's supervisors, Drs. Sidle and Radanovic, were the perpetrator(s) of the harassment entitles the Plaintiff to strict liability against NESD for her claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court grant relief on her Causes of Action as specified below.

86. Plaintiff prays that the Court award monetary relief as follows:

87. On her Causes of Action, order Defendants to pay equitable monetary relief and compensatory damages to Plaintiff as are asserted under Title VII, ADA, and/or PHRA, as and where applicable, and in an amount to be proven at trial.

88. Plaintiff prays that the Court award her costs, expenses, and attorneys' fees, payable by NESD, and the individual defendants as to the PHRA count, as follows:

89. By determining that Plaintiff is a prevailing party on her Causes of Action and thereupon awarding Plaintiff her reasonable costs, expenses, and attorneys' fees incurred in bringing this action under applicable statutory language.

90. Plaintiff prays that the Court award further monetary relief as follows:

91. Plaintiff prays that the Court order NESD and the individual defendants to pay pre- and post-judgment interest in all monetary amounts awarded in this action, as provided by law.

92. Plaintiff prays that the Court retain jurisdiction of this case for a sufficient period to assure that NESD and individual defendants have fully complied with remedies awarded.

93. Plaintiff further prays that the Court award all appropriate pain, suffering, and humiliation damages as applicable under her respective causes of action regarding the Defendants if and where applicable under the law.

94. Plaintiff prays that the Court award such other and further relief as this Court deems equitable and just.

Dated: April 13, 2022                        Respectfully submitted,

                                             DONHAM LAW

                                             *By: /s/ Jeremy A. Donham, Esquire*
                                             Jeremy Donham, Esquire
                                             Attorney I.D. No. 206980
                                             PO Box 487, Dellslow, WV 26531
                                             717.881.7855 (ph) 888.370.5177 (fax)